NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CITY OF PHOENIX, *Plaintiff/Appellee*,

*v.*

EQUITY RECOVERY SPECIALISTS, LLC, *Defendant/Appellant*,

*v.*

VICTORIA GONZALES, et al., *Defendants/Appellees*.

No. 1 CA-CV 25-0647

FILED 08-06-2026

Appeal from the Superior Court in Maricopa County
Nos.  CV2019-012216, CV2021-014553
The Honorable Richard F. Albrecht, Judge *Pro Tempore*

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**

COUNSEL

Law Offices of Kyle A. Kinney, PLLC, Scottsdale
By Kyle A. Kinney
*Counsel for Appellant Equity Recovery Specialists, LLC*

Zwillinger Wulkan, PLC, Phoenix
By Scott H. Zwillinger, Jennifer L. Allen
*Counsel for Appellee Bridge1, LLC*

_____

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Andrew J. Becke joined.

_____

**C A T T A N I**, Judge:

¶1          Equity Recovery Specialists, LLC ("Equity") appeals the superior court's order awarding excess proceeds from a sheriff's sale to Bridge1, LLC ("Bridge") after remanded proceedings.  We affirm in part, vacate in part, and remand to the superior court for proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2          In 1983, Ronald Bacon purchased real property in Phoenix. Bacon died intestate in 2009.  In 2019, the City of Phoenix filed a complaint to foreclose statutory liens on the property against the "unknown heirs and devisees" of Bacon, Victoria Gonzales (who claimed an ownership interest in the property), and others who are not parties to this appeal.  In 2020, the superior court entered a default judgment and decree of foreclosure.  The property was then sold at a sheriff's sale, resulting in $89,991.37 in excess proceeds.

¶3          Gonzales assigned her interest in the proceeds to Equity, and the alleged Bacon heirs assigned their interest to Bridge.  Equity and Bridge then filed competing claims to the excess proceeds.  Equity claimed that Gonzales was entitled to the property based on adverse possession and because she held an unrecorded deed to the property.  Bridge argued that Gonzales did not adversely possess the property and that the Bacon heirs were entitled to the proceeds.

¶4          The superior court conducted an evidentiary hearing at which Gonzales testified that she and other family members resided on the property, for a period of years, but she acknowledged that she left at some point after she became sick.  The court admitted Bridge's proffered heirship declarations over Equity's hearsay objection.

¶5          After the hearing, the superior court awarded Bridge the excess proceeds plus $33,812 in attorney's fees.  The court noted that even though Gonzales paid property taxes, she did not prove that she had

2

purchased the property. The court did not directly address Equity's argument that Gonzales owned the property through adverse possession.

**¶6** Equity appealed. *See City of Phoenix v. Bacon*, 2 CA-CV 2024-0001, 2025 WL 383769 (Ariz. App. Feb. 4, 2025) (mem. decision). This court vacated the superior court's award, finding that the superior court failed to address Equity's adverse possession argument and that the heirship declarations submitted by the alleged Bacon heirs were inadmissible hearsay. *Id.* at *3, *5–6, ¶¶ 12–16, 26–31. *See generally* Ariz. R. Evid. 803.

**¶7** On remand, the superior court held that Gonzales did not establish the elements of adverse possession because her possession was not hostile, exclusive, or continuous. The court thus denied Equity's claim for the excess proceeds and awarded the proceeds to Bridge. The court did not address this court's ruling that the heirship declarations were inadmissible hearsay and did not otherwise explain why the alleged Bacon heirs had an ownership interest in the property such that the excess proceeds should be awarded to Bridge.

**¶8** Equity timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(4).

## DISCUSSION

### I. Adverse Possession.

**¶9** Equity asserts that the superior court incorrectly rejected its claim that Gonzales adversely possessed the property. Adverse possession requires "an actual and visible appropriation of land commenced and continued under a claim of right inconsistent with and hostile to the claim of another for a period of 10 years." A.R.S. §§ 12-521(A)(1), -526(A); *Beck v. Neville*, 256 Ariz. 415, 426, ¶ 42 (2024); *Berryhill v. Moore*, 180 Ariz. 77, 82 (App. 1994). If the claimant initially obtained permission from the owner to use the property, the claimant must show a "positive disclaimer and disavowal of the title" providing notice to the owner that the claimant's use changed from permissive to hostile. *See Tenney v. Luplow*, 103 Ariz. 363, 367 (1968). The claimant must prove each element of adverse possession by clear and convincing evidence. *Beck*, 256 Ariz. at 426–27, ¶ 42. We view the record most favorably to upholding the judgment, *Jones v. Burk*, 164 Ariz. 595, 596 (App. 1990), and we do not reweigh evidence on appeal, *see Godwin v. Farmers Ins. Co. of Am.*, 129 Ariz. 416, 419 (App. 1981).

**¶10** Equity argues that case law establishes that once a claimant shows open, notorious, continuous, and exclusive possession, the burden

to prove hostile possession shifts to the party disputing adverse possession. But the case on which Equity relies refers to establishing a prescriptive easement, not adverse possession. *See Spaulding v. Pouliot*, 218 Ariz. 196, 201, ¶ 14 (App. 2008). To prove adverse possession, the claimant must prove each element by clear and convincing evidence. *Beck*, 256 Ariz. at 426–27, ¶ 42.

**¶11** Here, Equity did not meet this burden. Gonzales previously testified that she purchased the property from the Bacon family under a rent-to-own agreement, but that the agreement was "lost." She could not recall precisely when she purchased the property, but indicated that it was before 2000. When asked if she ever occupied the property without permission, Gonzales said "no." Accordingly, the superior court did not abuse its discretion by finding that Gonzales's possession was not hostile and denying Equity's claim to the excess proceeds.

## II.   Bridge's Entitlement to the Proceeds.

**¶12** Equity next asserts that the superior court erred by awarding the excess proceeds to Bridge because the court did not address the holding in the prior appeal that the heirship declarations were inadmissible. "On remand, a [superior] court must 'strictly follow' the mandate of an appellate decision." *Bogard v. Cannon & Wendt Elec. Co.*, 221 Ariz. 325, 334, ¶ 30 (App. 2009). The superior court's jurisdiction on remand is limited by the terms of the mandate. *Id.* We review whether the superior court complied with the mandate de novo. *Id.*

**¶13** Bridge argues that Equity waived its argument that the declarations should not be considered by not reasserting this argument on remand. Although Bridge argues that Equity was required to object again on remand, Bridge had the burden of establishing its entitlement to the property. The only admissible evidence Bridge proffered was the quitclaim deeds from the alleged Bacon heirs to Bridge. But a quitclaim deed conveys only the interest the grantor possesses at the time of the conveyance, and does not warrant or guarantee that the title is valid. *See SWC Baseline & Crimson Invs., L.L.C. v. Augusta Ranch Ltd. P'ship*, 228 Ariz. 271, 281, ¶ 30 (App. 2011). And given this court's prior ruling that the heirship declarations were inadmissible hearsay, *City of Phoenix*, at *5–6, ¶¶ 26–31, Bridge did not prove the heirs had any interest in the property to convey and thus did not establish an entitlement to the proceeds. Accordingly, we vacate the award.

**CONCLUSION**

**¶14** We affirm the superior court's ruling on adverse possession, but we vacate the court's award of the excess proceeds to Bridge and remand for further proceedings consistent with this decision.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR